UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA NAILS,

    Plaintiff,

Case No. 2:17-cv-13702
Magistrate Judge Anthony P. Patti

v.

RPI-SECTION 8 HOUSING,

    Defendant.

_____/

# OPINION AND ORDER CONSTRUING DEFENDANT'S MOTION TO DISMISS (DE 21) AS A MOTION FOR SUMMARY JUDGMENT AND DENYING THE MOTION WITHOUT PREJUDICE AS MOOT

## I. OPINION

### A. Background

#### 1. Procedural history

Plaintiff, Angela Nails, who is proceeding without the assistance of counsel, filed her complaint in this matter on November 13, 2017 against Defendant "RPI-Section 8 Housing" a/k/a RPI Management Inc., complaining that Defendant did not allow Plaintiff to appeal the termination of her "section 8 Housing voucher." (DE 1.) Defendant RPI Management Inc. filed its answer and affirmative defenses on February 28, 2018. (DE 13.) Defendant subsequently filed its "motion to dismiss" Plaintiff's complaint on April 23, 2018. (DE 21.) Plaintiff filed a

response on May 23, 2018. (DE 24.) This case is before me by the consent of the parties. (DE 20.)

On November 8, 2018, the Court held a hearing to address the instant motion to dismiss, among other motions. (DE 31.) In that hearing, the Court took Defendant's motion under advisement, and set a December 10, 2018 deadline for amendment of pleadings (without leave of court). (DE 29, 31.) The Court subsequently appointed pro bono counsel for Plaintiff for the sole limited purpose of assisting Plaintiff with amending her complaint, and extended that deadline to February 13, 2019. (DE 35.) On February 4, 2019, Plaintiff filed her amended complaint, asserting a claim for violation of her procedural due process rights under 42 U.S.C. §1983. (DE 37.) Defendant filed an answer to that amended complaint on February 25, 2019. (DE 39.)

### 2. Factual background

The Michigan State Housing Development Authority (MSHDA) is a Public Housing Authority (PHA) provider recognized by the U.S. Department of Housing and Urban Development (HUD). (DE 37 ¶ 6.) MSHDA has a Housing Choice Voucher (HCV) program, which it operates via its independent contractors, such as Defendant RPI Management. (*Id.* ¶ 7.) Defendant, as an independent contractor for MSHDA, is responsible for administering HCVs provided by MSHDA for qualifying low-income individuals. (DE 21 at 14, ¶¶ 4-5)

Plaintiff is a HCV participant who transferred a HCV from Kansas City, Missouri to the State of Michigan in or around May 2015. (DE 37 ¶¶ 11-12.) Per regulations, the initial term of a HCV is at least 60 calendar days, and it may be extended upon request. *See* 24 C.F.R. § 982.303(a), (b). As part of this process, Plaintiff was granted an initial term of 60 days to provide Defendant with a newly executed lease. (DE 37 ¶ 13.) Plaintiff asserts she timely submitted a request for tenancy approval to Defendant, but that rather than suspending the term of her voucher while processing the request in accordance with federal regulations, Defendant required her to repeatedly re-apply for extensions. (*Id.* ¶¶ 15-18.) Plaintiff was given three extensions by Defendant while three move requests were processed and then denied. (*Id.* ¶ 18; DE 21 at 15, ¶ 10.)

Defendant received a new move request from Plaintiff on December 1, 2015, which again suspended her voucher time until the unit was approved or denied. (DE 21 at 15, ¶ 10.) At that time, Plaintiff resided at an address in Brownstown, Michigan. (DE 37 ¶ 19.) On or about December 23, 2016, Defendant notified Robert Bell (presumably the landlord of the proposed rental property) that his "Request for Tenancy Approval (RFTA), Unit Inspection, and all paperwork has been received and approved for Angela Nails to move into 2343 Clements 2 West Detroit, MI 48238." (DE at 15, ¶ 11; *id.* at 20.) That notice informed Mr. Bell that the "**LEASE MUST BE EXECUTED AND SUBMITTED PRIOR TO THE**

3

**EXPIRATION DATE OF THE TENANT'S VOUCHER. (1.3.16).**" (*Id.* at 20 (emphasis in original)). While Defendant states that it also "sent a notification to [Plaintiff] that her housing was approved" (DE 21 at 15, ¶ 11), Plaintiff states that Defendant did not send this notice to her Brownstown, Michigan address, despite knowing that she resided there and could be contacted there. (DE 37, ¶ 22.)

On December 29, 2015, MSHDA send a "Notice of Decision" to Plaintiff at "2343 Clements # 2 West, Detroit, MI 48328" informing her that her "request [to extend her voucher] has been approved" and her "new voucher date is: 01/03/2016." (DE 21 at 21; DE 37 ¶¶ 22-25.) Plaintiff did not yet reside at the Detroit address, and did not receive mail being sent to that address. (DE 37 ¶ 26.)

According to Defendant, it received no contact from Plaintiff by January 3, 2016, and thus on January 11, 2016, it sent a "Program Termination Notice" to Plaintiff at "22435 Dix Toledo Rd Unit 1, Brownstown, MI 48183." (DE 21 at 15, ¶¶ 13-14; *id.* at 23.) That notice states that "MSHDA has determined that [Plaintiff] no longer qualif[ies] for Housing Choice Voucher (HCV) Assistance" and that she "**CANNOT request an informal hearing**" because her "Voucher to move has expired." (*Id.* at 23 (emphasis in original).) Defendant asserts that it also informed Plaintiff that "per policy and as noted on the Program Termination, there is no right to an Informal Hearing through MSHDA for an expired voucher." (DE 21 at 15, ¶ 15.)

Plaintiff disputes that she received the December 23rd or December 29, 2015 notices, which she asserts were not mailed to her correct address, and she claims that she was improperly prevented from appealing the termination decision. (DE 37.) She asserts that she had a constitutionally recognized, protectable property right in her housing voucher, and that she had a constitutional right to procedural due process either in the form of a pre-termination evidentiary hearing before her voucher was terminated, or in the form of an appeal after termination. (*Id.* ¶¶ 31, 32.) She contends that Defendant violated her due process rights by terminating her voucher without proper notice and denying her an opportunity to present her objections. (*Id.* ¶ 46.) She contends that, as a result, she has suffered "economic and non-economic damages including, but not limited to: increased rent, moving expenses and other out-of-pocket expenses, as well as embarrassment, stress, mental anguish and other damages, both economic and non-economic." (*Id.* ¶ 60.)

B. **Defendant's "Motion to Dismiss"**

On April 23, 2018, Defendant filed a motion to dismiss Plaintiff's original complaint "pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6)," supported by six exhibits. (DE 21.) Defendant argues that Plaintiff's complaint should be dismissed because her complaint "provides absolutely no basis i[n] law or fact to support [her] claims." (*Id.* at 8-9.) Defendant further argues that, even if

Plaintiff provided a legal basis for her claims, her voucher expired, and pursuant to MSHDA rules and federal law, she was not entitled to an extension or to an informal hearing to extend her voucher term. (*Id.* at 9-11.)

Plaintiff filed a response to that motion on May 23, 2018, supported by two exhibits, arguing that Defendant's motion to dismiss should be denied because there are factual disputes that preclude dismissal of her complaint. (DE 24 at 3.) She asserts that she did not receive the December 2015 notices attached to Defendant's motion to dismiss as Exhibit 3, which were not sent to her correct address. (*Id.* at 3-4.) She further argues that Defendant improperly prevented her from pursing an informal appeal to address the termination of her program benefits. (*Id.* at 4-5.)

### C. Standard

#### 1. Defendant's motion to dismiss should be converted to a motion for summary judgment

Defendant titled its motion as a "motion to dismiss," and affirmed at the November 8, 2018 motion hearing that "[i]t was intended to be a 12(b)(6) motion." (DE 21 at 22-23.) However, Defendant's motion attaches and relies on several exhibits outside the pleadings, including an affidavit by a representative of Defendant. (DE 21.) Defendant's counsel conceded at the hearing that he could not prevail on his motion without consideration of the affidavit. (DE 31 at 23.)

6

Plaintiff's response brief similarly attaches and relies on exhibits outside the pleadings. (DE 24.)

Federal Rule of Civil Procedure 12(d) states that "[i]f, on a motion under Rule 12(b)(6)… matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all material that is pertinent to the motion." The Sixth Circuit has explained that "[w]hether a district court must provide actual notice that it intends to convert a motion to dismiss into a motion for summary judgment depends on the facts and circumstances of each case" and "[w]here one party is likely to be surprised by the proceedings, notice is required." *Shelby Cnty. Health Care Corp. v. Southern Council of Indus. Workers Health and Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000) (citation omitted). The Sixth Circuit explained that there is no surprise to the parties when a district court *sua sponte* decides to convert a motion to dismiss to one for summary judgment if: (a) both sides submit extrinsic materials as exhibits to their pleadings; (b) the parties had the opportunity to respond to arguments and exhibits that were submitted by the other side; and, (c) the parties had the opportunity to fully address all arguments for dismissal. *Id.* at 931-32.

Here, Plaintiff was served with the Defendant's motion, accompanied by six exhibits, and Plaintiff responded with a brief, accompanied by two exhibits and

7

arguing that Defendant's motion "should be denied because there are *factual disputes that preclude dismissal on the pleadings*, and Plaintiff's complaint states a claim for relief." (DE 24 at 3 (emphasis added).) Thus, "[b]ecause the parties both submitted numerous exhibits fully addressing [defendant's] argument for dismissal, they had sufficient notice that the … court could consider this outside material when ruling on the issues presented in the … motion to dismiss and could convert it into a motion for summary judgment under Fed. R. Civ. P. 12(d)." *See Shelby Cnty. Health Care Corp.*, 203 F.3d at 932.

## 2. Fed. R. Civ. P. 56

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (internal citations omitted).

"The moving party has the initial burden of proving that no genuine issue of material fact exists . . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56 (e)(2)

(providing that if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for the purposes of the motion."). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted).

Summary judgment is appropriate if the evidence favoring the nonmoving party is merely colorable or is not significantly probative. *City Management Corp. v. United States Chem. Co.*, 43 F.3d 244, 254 (6th Cir. 1994). In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a

showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

**D.  Discussion**

Plaintiff's original two-page complaint, which appears to have been drafted without the assistance of counsel, was difficult to follow and alleged few factual allegations. (DE 1.) Plaintiff filed her amended complaint, with the assistance of counsel, *after* Defendant filed the instant motion for summary judgment. That amended complaint added a number of new and different factual allegations and specifically asserted a claim for violation of procedural due process under 42 U.S.C. § 1983. (DE 37.)

When an amended complaint is filed, the prior complaint is superseded and rendered moot. *See Smith & Nephew, Inc. v. Fed. Ins. Co.*, 113 F. App'x 99, 102 (6th Cir. 2004). "It follows that 'motions directed at the superseded pleading,'" such as Defendant's motion here, "'generally are to be denied as moot.'" *Heard v. Strange*, No. 2:17-cv-13904, 2018 WL 4189652, at *2 (E.D. Mich. June 21, 2018) (collecting cases), *report and recommendation adopted*, 2018 WL 4184633 (E.D. Mich. Aug. 31, 2018) (denying defendant's motion for summary judgment without prejudice as moot); *Sango v. Johnson*, No. 13-12808, 2014 WL 4658379, at *1 (E.D. Mich. May 22, 2014) ("[A]ny motions directed at the original complaint are moot in the face of the filing of the amended complaint."); *Cf. McKay v.*

*Federspiel*, No. 14-cv-10252, 2015 WL 13688535, at *1 (E.D. Mich. Feb. 26, 2015) ("But, if the amended pleading does not cure the defects raised by the motions directed at the superseded pleadings, denying the motions as moot "would be to exalt form over substance.""). This is especially true when the amended complaint adds new and different factual allegations and new claims. *See Heard*, 2018 WL 4189652 (recommending dismissal of pending motion for summary judgment because "the amended complaint contains some new and different factual allegations that may bear on the merits of Plaintiff's claims"); *Sango*, 2014 WL 4658379 at *1 (requiring filing of a new motion "tailored to the allegations in [plaintiff's] operative amended complaint" which "contains new and different allegations which bear on the merits of his claims").

Here, Plaintiff's amended complaint contains a number of new and different factual allegations that may bear on the merits of her claims. For example, she now alleges that she "initiated proper procedure of portability to transfer her HCV from Missouri to Michigan in May 2015," she submitted a "request for tenancy approval" to Defendant, but Defendant sent the notice granting that request to the wrong address, "despite knowing that Plaintiff did not reside [there] and therefore the notice would not reach Plaintiff at this address." (DE 37 ¶¶ 12, 16, 21, 22.) She further alleges that Defendant also granted her request for a voucher extension deadline on December 29, 2015, but also sent that notice to the wrong address, and

thus she did not have proper notice of her request for tenancy approval or her voucher extension deadline. (*Id.* ¶¶ 23-26.) Defendant then sent the termination notice to Plaintiff's proper address on January 11, 2016, but stated that she "had no right to a hearing regarding her status because her voucher to move had expired." (*Id.* ¶¶ 27-28.) In addition, the amended complaint now specifically asserts a claim for violation of Plaintiff's procedural due process rights under 42 U.S.C. § 1983, asserting that she had a "constitutionally recognized, protectable property right in her housing voucher" and "a constitutional right to procedural due process either in the form of a pre-termination evidentiary hearing before her voucher terminated, or in the form of an appeal after termination." (DE 37 ¶¶ 29-59.) Those allegations and that specific claim were not addressed in Defendant's pending motion, nor could they have been. (*See* DE 21.) While Defendant's instant motion must be denied, in light of the amended claims, it must also be given the opportunity to pursue dispositive relief as to the reframed merits of this dispute in the future. Accordingly, Defendant's motion for summary judgment (DE 21) is **DENIED without prejudice as moot**.

## II. ORDER

For the reasons set forth above, Defendant's motion to dismiss, construed as a motion for summary judgment (DE 21), is **DENIED WITHOUT PREJUDICE AS MOOT**. Defendant may file a new dispositive motion addressing the

procedural due process claim asserted in Plaintiff's amended complaint, if it can do so in good faith and within the soon-to-be established deadlines for doing so.

**IT IS SO ORDERED.**

Dated: March 11, 2019

s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE


**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on March 11, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti